UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MUSA MOYLAMOV and OZGUR ARMUTCUOLU a/k/a OZGUR ULAS, on behalf of themselves and similarly situated individuals,<br><br>           Plaintiffs,<br><br>v.<br><br>US WAY EXPRESS INC., VICTOR TRACHUK, and IVAN PROTSYUK,<br><br>           Defendants. | Case No. _____ |

## ANSWER

NOW COME Plaintiffs, MUSA MOYLAMOV and OZGUR ARMUTCUOLU a/k/a OZGUR ULAS, on behalf of themselves and similarly situated individuals (collectively "Plaintiffs"), by and through their attorneys, The Garbis Law Firm, LLC, and pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Minimum Wage Law ("IMLW"), and 820 ILCS § 105/1 et seq., commonly known as the Illinois Wage Payment and Collection Act ("IWPCA"), and complains against US WAY EXPRESS INC. ("US Way"), VICTOR TRACHUK ("Trachuk"), and IVAN PROTSYUK ("Protsyuk and collectively with US Way and Trachuk, "Defendants"), states as follows:

## NATURE OF THE CASE

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA") for Defendant's failure to timely pay Plaintiffs and other similarly situated employees all of the wages that they earned including overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the

IMWL. For claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL Plaintiffs seek to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices have, and have had the effect of denying Plaintiff and other similarly situated Plaintiffs their earned wages.

4. The consent of Plaintiff MUSA MOYLAMOV to act as Class Representative in this Section 216(b) is attached as Exhibit A.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in this judicial district because Defendant maintains offices within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

**Plaintiffs**

7. Within the relevant time period each of the Plaintiffs has resided in and been domiciled within this judicial district in Illinois and has handled goods that have moved in interstate commerce. Each of the Plaintiffs has been an "employee" of Defendants in Illinois as that term is defined by the FLSA, 29 U.S.C. §201 et seq., the IMWL, 820 ILCS 115/3(d), and the IWPCA, 820 ILCS 115/2.

**Defendants**

8. Within the relevant time period, Defendant US Way has been a corporation organized under the laws of the State of Illinois. US Way has maintained offices and conducted business in Illinois and within this judicial district. As such, US Way has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A). At all relevant times, US Way has had more than two (2) or more employees who have handled goods that moved in interstate commerce.

9. Plaintiffs, and other similarly situated employees of Defendants, handled goods which they moved in interstate commerce.

10. Defendant US Way was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 115/3(d), and the IWPCA, 820 ILCS 115/2.

11. Defendant Trachuk was the direct manager of Plaintiffs and was responsible for issuing payment to Plaintiffs and other similarly situated employees of US Way. On information and belief, Defendant Trachuk is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

12. Defendant Trachuk was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 115/3(d), and the IWPCA, 820 ILCS 115/2.

13. Defendant Protsyuk is the president of US Way. On information and belief, Defendant Protsyuk is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business checking accounts, including payroll accounts, and has the authority to participate in

decisions regarding employee compensation and capital expenditures.

14. Defendant Protsyuk was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS 115/3(d), and the IWPCA, 820 ILCS 115/2.

## FACTUAL BACKGROUND

15. Defendants operate a transportation and trucking company in Schaumburg, Illinois.

16. Plaintiffs worked as drivers and dispatchers for Defendants, for approximately six months preceding the filing of this lawsuit.

17. At the time of their termination, in March of 2019, Plaintiffs were earning $0.76 per mile driven while they were drivers and $18.75 per hour while they were dispatchers.

18. During the course of their employment, Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours in individual workweeks.

19. Plaintiffs regularly worked six days a week for Defendants. Some weeks, Plaintiffs worked all seven days of the week for Defendants.

20. Plaintiff regularly worked between 60 and 70 hours per week for Defendant.

21. Other similarly situated employees also worked in excess of forty hours per week for Defendants.

22. By February of 2019, Defendants began falling behind paying Plaintiffs for the work that they performed by either not making any payment or sending checks to Plaintiffs that were returned as "Non-Sufficient Funds".

23. Defendants also failed to pay Plaintiffs any overtime premiums at the rate of one and a half times their regular rate of pay for all time worked in excess of forty hours in individual work weeks.

24. On information and belief Defendants also failed to pay similarly situated employees for

4

all time worked in excess of forty hours per week at time at time and a half their regular rate of pay.

25. While driving for Defendants, Plaintiffs traveled thousands of miles across the United States. Plaintiffs drove trucks and trailers that were the property of Defendants. Plaintiffs incurred out-of-pocket costs for gas, lodging and repair of Defendants' trucks and trailers. Plaintiffs would thereafter provide receipts and invoices to Defendants for reimbursement.

26. Defendants failed to properly reimburse Plaintiffs for these expenses by either not making a payment altogether or providing checks that were returned as insufficient funds.

27. Defendants' failure to pay Plaintiffs and similarly situated employees their regular rates and their overtime rates at time and a half their regular rate of pay as well as reimbursing Plaintiffs for their out-of-pocket expenses violated the pay requirements of the FLSA and the IMWL.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs will seek to certify their state law claims arising under the IMWL for Illinois-mandated overtime wages (Count II) and the IWPCA for Illinois-mandated earned wages (Count III) as a Rule 23 Class Action.

29. The Class is defined as all individuals employed by Defendants in Illinois from January 1, 2018 up through the date of judgment.

30. Plaintiffs will ask the Court to determine the rights of the parties pursuant to the IMWL and the IWPCA and to direct Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

31. Counts II and III are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:
   a. the class is so numerous that joinder of all members is impracticable. While the precise

number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed over forty persons in Illinois during the IMWL and IWPCA Class Periods;

b. There are questions of fact or law common to the class and subclass, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

    (i) Whether Plaintiffs and the Class were exempted from the provisions of the IMWL and the IWPCA;

    (ii) Whether Plaintiffs and members of the Class worked in excess of forty hours in individual work weeks during the Class period; and

    (iii) Whether Defendants failed to pay Plaintiffs and the Class their regular rates during the IWPCA class period and their overtime rates at time and a half their regular rate of pay for all time worked in excess of forty (40) hours per individual work week during the IMWL class period.

c. The Class Representative and Class Members have been equally affected by Defendants' failure to pay their proper wages;

d. Class Members will be reluctant to bring forth claims for unpaid wages out of fear of retaliation;

e. The Class Representative, Class Members and Defendants have a commonality of interest in the subject matter and remedies sought and the Class Representative is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the

Court.

32. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of FLSA
## Plaintiffs on behalf of themselves and similarly situated individuals

33. Plaintiff incorporates and re-allege paragraphs 1 through 32 as though set forth herein.

34. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs their earned wages for their regular hours as well as their overtime hours at one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week.

35. Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

36. Other similarly situated employees were also directed to work in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

37. Plaintiffs and similarly situated employees were not exempt from the overtime provisions of the FLSA.

38. Plaintiffs and similarly situated employees were entitled to be paid their regular wages as well as their overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

39. Defendants did not pay Plaintiffs and similarly situated employees their wages for all time Plaintiffs worked both during their regular individual workweeks as well as in excess of forty (40) hours in individual workweeks.

40. Defendants did not pay Plaintiffs and similarly situated employees their out-of-pocket

expenses incurred by Plaintiffs to perform their duties of employment for Defendants, including but not limited to gas charges, lodging costs, and expenses incurred to maintain Defendants' trucks and trailers.

41. Defendant's failure to pay Plaintiff and the Class their properly earned wages and reimburse Plaintiffs and the Class for their out-of-pocket expenses was a violation of the FLSA.

42. Plaintiffs and the Class are entitled to recover all unpaid wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs, MUSA MOYLAMOV and OZGUR ARMUTCUOLU a/k/a OZGUR ULAS, on behalf of themselves and similarly situated individuals, respectfully request the Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA;

B. Enter judgment against Defendants, US WAY EXPRESS INC., VICTOR TRACHUK, and IVAN PROTSYUK, in an amount equal to all unpaid wages earned by Plaintiffs for both their regular rates that have not been paid and overtime rates for all work performed in excess of forty (40) hours in individual workweeks;

C. Award liquidated damages in an amount equal to the amount of all of the unpaid wages;

D. Declare Defendants in violation of the FLSA;

E. Enjoin Defendants from violating the FLSA;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court may deem just and proper.

## COUNT II
## Violation of IMWL
### Plaintiffs on behalf of themselves and similarly situated individuals

43. Plaintiff incorporates and re-allege paragraphs 1 through 42 as though set forth herein.

44. This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiffs and similarly situated employees time and a half their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

45. Defendants directed Plaintiffs to work, and Plaintiffs did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

46. Plaintiffs were not exempt from the overtime provisions of the IMWL.

47. Plaintiffs were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

48. Defendants did not pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

49. Defendants likewise directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all compensable time worked in excess of forty (40) hours in individual workweeks.

50. Defendants did not pay other persons similarly situated overtime wages for all compensable time in excess of forty (40) hours worked in individual workweeks.

51. Defendants' failure to pay Plaintiffs and other persons similarly situated overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the IMWL.

52. Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to

recover unpaid overtime wages for three (3) years prior to the filing of this suit.

53. The Class that Plaintiffs seek to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all individuals employed by Defendant in Illinois from January 1, 2018 and up through the date of judgment.

WHEREFORE, Plaintiffs, MUSA MOYLAMOV and OZGUR ARMUTCUOLU a/k/a OZGUR ULAS, on behalf of themselves and similarly situated individuals, respectfully request the Court:

A. Determine that this action may be maintained as a collective action pursuant to the IMWL;

B. Enter judgment against Defendants, US WAY EXPRESS INC., VICTOR TRACHUK, and IVAN PROTSYUK, in an amount equal to all unpaid wages earned by Plaintiffs for both their regular rates that have not been paid and overtime rates for all work performed in excess of forty (40) hours in individual workweeks;

C. Award liquidated damages in an amount equal to the amount of all of the unpaid wages;

D. Declare Defendants in violation of the IMWL;

E. Enjoin Defendants from violating the IMWL;

F. Award reasonable attorneys' fees and costs; and

G. Grant such additional or alternative relief as this Court may deem just and proper.

### COUNT III
### Violation of IWPCA
### **Plaintiffs on behalf of themselves and similarly situated individuals**

54. Plaintiff incorporates and re-allege paragraphs 1 through 53 as though set forth herein.

55. This Count arises from Defendants' violation of the IWPCA for their failure to pay

Plaintiffs and similarly situated employees proper wages earned during the relevant time period worked for Defendants.

56. At any and all times relevant hereto, Defendants compensated their employees according to a weekly pay period. Accordingly, the IWPCA, 820 ILCS 115/4, mandates that all wages earned by Plaintiffs during any pay period were due not later than seven (7) days after the end of the pay period in which such wages were earned.

57. During the course of their employment with Defendants, Plaintiffs agreed with the Defendants, to be paid wages for all hours worked for Defendants.

58. The IWPCA, 820 ILCS 115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation."

59. Defendants did not pay Plaintiffs proper wages for all hours worked as agreed to by the parties.

60. Plaintiffs were entitled to be compensated for all time worked as agreed between the Parties as well as the reimbursement of all expenses incurred by Plaintiffs in the course of their employment to Defendants.

61. The Class that Plaintiffs seeks to represent in regard to this claim against Defendants is composed of and defined as all persons who have been employed by Defendants and not properly paid wages and reimbursed expenses as agreed between the parties.

62. Defendants' failure to pay Plaintiffs proper wages for all time worked violated the agreement between the two parties and therefore violated the IWPCA.

WHEREFORE, Plaintiffs, MUSA MOYLAMOV and OZGUR ARMUTCUOLU a/k/a OZGUR ULAS, on behalf of themselves and similarly situated individuals, respectfully request

the Court:

A.    Determine that this action may be maintained as a collective action pursuant to the IWPCA;

B.    Enter judgment against Defendants, US WAY EXPRESS INC., VICTOR TRACHUK, and IVAN PROTSYUK, in an amount equal to all unpaid wages earned by Plaintiffs as well as the reimbursement of Plaintiffs' expenses;

C.    Award liquidated damages in an amount equal to the amount of all of the unpaid wages;

D.    Declare Defendants in violation of the IWPCA;

E.    Enjoin Defendants from violating the IWPCA;

F.    Award reasonable attorneys' fees and costs; and

G.    Grant such additional or alternative relief as this Court may deem just and proper.

                Respectfully Submitted,
                US WAY, INC.,

                By:  /s/ Dan E. Garbis
                      One of Its Attorneys

Dan E. Garbis #6257303
dgarbis@garbislawfirm.com
The Garbis Law Firm, LLC
7330 N. Cicero Ave.
Lincolnwood, Illinois 60712
(847) 982-9518

# EXHIBIT "A"

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF
IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

      By signing below, I, Musa Moylamov, represent to the Court that I have been employed by US Way Express Inc. or one of its parents, subsidiaries, or affiliated companies within the prior three (3) years and in one or more workweeks was not paid all of the minimum wages and/or overtime wages owed to me under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. Through this Consent, I authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to me.

_____
Musa Moylamov